CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 05, 2024

LAURA A. AUSTIN, CLERK
BY:
    s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **ZANE CHRISTIAN,** | ) | |
| **Petitioner,** | ) | **Case No. 7:24-cv-00140** |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **CHADWICK S. DOTSON,**[1] | ) | **Chief United States District Judge** |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

On February 20, 2024, Zane Christian, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Christian seeks relief from a criminal judgment entered by the Circuit Court for the City of Salem on February 16, 2022, which was affirmed by the Court of Appeals of Virginia on January 24, 2023. See Christian v. Commonwealth, No. 0415-22-3, 2023 WL 362353 (Va. Ct. App. Jan. 24, 2023). In the petition, Christian states that he sent a state habeas petition "last week to the Salem Circuit Court." Pet., ECF No. 1., at 1. Because it is clear from the petition that Christian has not yet exhausted his state court remedies, the court will summarily dismiss the federal petition without prejudice to reopening after he satisfies the exhaustion requirement.

A federal court may not grant relief under § 2254 unless a petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. 28 U.S.C.

---

[1] Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the state officer who has custody" of the petitioner. That officer is Chadwick S. Dotson, the current Director of the Virginia Department of Corrections. Thus, Dotson is the proper respondent, and the Clerk shall update the docket accordingly.

[2] Under the prison mailbox rule, a state inmate's § 2254 petition is considered filed on the date it is given to prison authorities for mailing to the court. See United States v. McNeil, 523 F. App'x 979, 981 (4th Cir. 2013) (citing Rule 3(d) of the Rules Governing Section 2254 Cases).

§ 2254(b). To exhaust his state court remedies, Christian must present his claims to the highest state court with jurisdiction to consider them—in this case, the Supreme Court of Virginia. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991). Where, as here, a petitioner files a petition in federal court while he still has available state court proceedings in which to litigate his federal claims, the federal court should dismiss the petition without prejudice to allow him to exhaust those state court remedies. See Slayton v. Smith, 404 U.S. 53, 54 (1971).

As indicated above, Christian's petition indicates that he recently filed a petition for a writ of habeas corpus in the Circuit Court for the City of Salem. Once the Circuit Court addresses the claims in his petition, he may pursue an appeal to the Supreme Court of Virginia if he is dissatisfied with the Circuit Court's decision. See Va. Code Ann. § 17.1-406(B). Christian must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court may consider the claims on the merits under § 2254.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, "a state prisoner normally has one year to file a federal petition for habeas corpus, beginning at the date that a 'judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" Finch v. McKoy, 914 F.3d 292, 294 (4th Cir. 2019) (quoting McQuiggin v. Perkins, 569 U.S. 383, 388 (2013); see also 28 U.S.C. § 2244(d)(1)(A). According to Christian's petition and state court records available online, his convictions became final on February 23, 2023, when his time to file a direct appeal to the Supreme Court of Virginia

expired. See Va. Sup. Ct. R. 5:9 (requiring a petition for appeal to be filed within 30 days after the entry of an appealable order). Absent tolling, Christian had one year from that date, or until February 23, 2024, in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). Although the one-year period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), the delay in filing his state habeas corpus petition could make it difficult to file a timely federal petition after he has exhausted available state court remedies. Consequently, in the interests of justice and judicial economy, the court will permit Christian to move to reopen this habeas action and file an amended habeas corpus petition under § 2254 within 60 days after the conclusion of the state habeas proceedings.

For these reasons, Christian's petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies. An appropriate order will be entered.

Entered: March 4, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.03.04 20:23:18
-05'00'

Michael F. Urbanski
Chief United States District Judge